1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   TADASHI SAYRES,                      Case No.  24-cv-00330-TLT
          Plaintiff,
8
9        v.                              **ORDER OF SERVICE**
10  STATE OF CALIFORNIA, et al.,
          Defendants.
11
12
13       Plaintiff, a California prisoner, filed the instant pro se civil rights action pursuant to 42

14  U.S.C. § 1983.  ECF 1.  For the reasons explained below, the complaint is ordered served upon

15  defendants.  Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

16                              **STANDARD OF REVIEW**

17       Federal courts must engage in a preliminary screening of cases in which prisoners seek

18  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

19  1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

20  the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

21  may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

22  § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

23  F.2d 696, 699 (9th Cir. 1990).

24       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

25  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

26  statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

27  which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to

28  state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

United States District Court
Northern District of California

provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

### LEGAL CLAIMS

Plaintiff's complaint alleges as follows:

Defendants were involved in the decision to transfer over 100 prisoners, some of whom were infected with COVID-19, from the California Institution for Men ("CIM") to San Quentin State Prison (SQSP)[1] in May 2020. ECF 1 at 18-19.[2] Defendants then failed to take adequate safety precautions before, during, and after the transfer, including failing to test the transferring prisoners or screen them for symptoms at the appropriate times, failing to implement distancing measures on the transfer buses, and failing to test and isolate the transferred prisoners upon arrival. *Id* at 19-20. Over the course of three weeks, SQSP went from having no cases of COVID to 499 cases, and by late July, SQSP had more than 2,000 prisoner cases and 26 prisoners had died from

---

[1] The facility name has since been changed to San Quentin Rehabilitation Center. The former name is used in this Order for clarity.

[2] Pinpoint cites refer to the Electronic Case File (ECF)-generated page numbers at the top of the documents.

United States District Court
Northern District of California

the virus.  *Id.* at 19, 24.  Then defendants failed to follow the recommendations of a Marin County public health official to mitigate spread, and that there was "a grave lack of personal protective equipment and masks at San Quentin . . . even though masks and PPE were easily obtainable."  *Id.* at 20-21.  Defendants failed to follow the recommendations of a group of public health experts, who toured SQSP at the request of federal receiver Clark Kelso, to release or transfer prisoners and avoid reliance on punitive housing to quarantine the sick.  *Id.* at 21-22.  Further, defendants refused offers by the Innovative Genomics Institute at Berkeley and by a research laboratory at UCSF Medical Center to provide free COVID testing.  *Id.* at 22.

Plaintiff alleges that defendants were aware of his high-risk factors for COVID, including his age and African American descent.  *Id.* at 32.  He alleges he became infected with COVID in late May or early June of 2020.  *Id.*

Plaintiff names the following defendants:

1. The State of California
2. California Department of Corrections and Rehabilitation ("CDCR")
3. SQSP
4. Ralph Diaz, former secretary of CDCR
5. Estate of Robert S. Tharratt, former Medical Director of CDCR
6. Ronald Davis, Warden of SQSP
7. Ronald Broomfield, Acting Warden of SQSP
8. Clarence Cryer, Chief Executive Officer of SQSP
9. Alison Pachynski, Chief Medical Executive of SQSP
10. Shannon Garrigan, Chief Physician and Surgeon of SQSP
11. Louie Escobell, Health Care Chief Executive Officer of CIM
12. Muhammad Farooq, Chief Medical Executive for CIM
13. Kirk Torres, Chief Physician and Surgeon for CIM
14. Does 1 through 20.

ECF 1 at 4.  Plaintiff sues all defendants who are people in their individual capacities.  *Id.*

Plaintiff alleges that defendants Diaz, Estate of Tharratt, Davis, Broomfield, Cryer,

United States District Court
Northern District of California

1  Pachynski, Garrigan, Escobell, Farooq, Torres, and Does 1-20 violated his rights under the Eighth

2  Amendment by being deliberately indifferent, either directly or via supervisory liability, to his

3  medical and safety needs, and violated his rights under California Civil Code section 52.1.  ECF 1

4  at 34-41.  He alleges that defendants State of California, CDCR, and SQSP violated his rights

5  under the Rehabilitation Act.  *Id.* at 43.  Plaintiff also brings a negligent infliction of emotional

6  distress claim against defendants Diaz, Estate of Tharratt, Davis, Broomfield, Cryer, Pachynski,

7  Garrigan, Escobell, Farooq, Torres, and Does 1-20.  *Id.* at 45.

8      Plaintiff seeks declaratory relief, compensatory damages, punitive damages, and costs.  *Id.*

9  at 47.

10                              **ANALYSIS**

11      **A.      Eighth Amendment Claim**

12      The allegations regarding the May 2020 transfer of CIM inmates into SQSP state

13  cognizable Eighth Amendment claims against defendants Diaz, Estate of Tharratt, Davis,

14  Broomfield, Cryer, Pachynski, Garrigan, Escobell, Farooq, and Torres.  *Farmer v. Brennan*, 511

15  U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner

16  faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to

17  abate it).

18      **B.      Bane Act**

19      California Civil Code section 52.1, the Bane Act, "protects individuals from conduct aimed

20  at interfering with rights that are secured by federal or state law, where the interference is carried

21  out 'by threats, intimidation or coercion'."  *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040

22  (9th Cir. 2018) (quoting *Venegas v. County of Los Angeles*, 153 Cal.App.4th 1230, 1239 (2007)).

23  A defendant must have "specific intent" to violate the plaintiff's rights.  "But it is not necessary

24  for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the

25  incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific

26  intent to deprive that person of those rights'."  *Id.* at 1035, 1045 (quoting *United States v. Reese*, 2

27  F.3d 870, 885 (9th Cir. 1993)) (triable issue as to specific intent where the defendant deputy

28  sheriffs, responding to a 911 call about a gunshot and a man with a knife, fired at the plaintiff as

he answered the door with a knife).  Here, liberally construed, plaintiff has stated a cognizable claim that defendants acted with reckless disregard for his constitutional rights, meeting the elements of the Bane Act.

### C.      Rehabilitation Act

The elements of a § 504 Rehabilitation Act claim are that: (1) the plaintiff is a handicapped person under the Act; (2) he is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him on the basis of the handicap.  *Bonner v. Lewis*, 857 F.2d 559, 562-63 (9th Cir. 1988).  The Act applies to state prisons receiving federal financial assistance.  *Armstrong v. Wilson*, 124 F.3d 1019, 1022-23 (9th Cir. 1997), and a state's acceptance of federal funds may waive sovereign immunity.  *See Pugliese v. Dillenberg*, 346 F.3d 937, 937-38 (9th Cir. 2003) (per curiam).

Here, plaintiff has not alleged that he is handicapped.  A disability for purposes of section 504 of the Rehabilitation Act, 29 U.S.C. § 794, is "a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment."  29 U.S.C. § 794, 29 U.S.C. § 705(2).  Neither plaintiff's African American descent nor his age of 45 years constitute disabilities within the meaning of the Rehabilitation Act.  Plaintiff's Rehabilitation Act claim is therefore dismissed.  Defendants the State of California, CDCR, and SQSP are dismissed as plaintiff has not stated a cognizable claim against them.

### G.      Negligent Infliction of Emotional Distress

Plaintiff has also stated a cognizable state-law claim for negligent infliction of emotional distress.  Under California law, "there is no independent tort of negligent infliction of emotional distress."  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993).  A negligent infliction of emotional distress claim is only available where the "defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object," and "recovery is available only if the emotional distress arises the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty."  *Id.* at 985.  Here, defendants have a duty to plaintiff as a prisoner under state tort law.  California "[c]ase law holds that 'there is a special relationship between jailer and prisoner, imposing on the former a duty of care to the

United States District Court
Northern District of California

1    latter'." *Lawson v. Superior Ct.*, 180 Cal. App. 4th 1372, 1389–90 (2010) (quoting *Giraldo v.*

2    *Department of Corrections & Rehabilitation*, 168 Cal. App. 4th 231, 250 (2008)).  Plaintiff alleges

3    that the emotional distress arose out of defendants' breach of their duty to him by exposing him to

4    COVID-19.

**CONCLUSION**

6         For the foregoing reasons, the Court orders as follows:

7         1.      Plaintiff's Rehabilitation Act claim is DISMISSED.

8         2.      Defendants the State of California, CDCR, and SQSP are DISMISSED.

9         3.      Plaintiff has stated the following cognizable claims against defendants Diaz, Estate

10   of Tharratt, Davis, Broomfield, Cryer, Pachynski, Garrigan, Escobell, Farooq, and Torres:

11   violation of the Eighth Amendment by deliberate indifference to his health and safety needs;

12   California Civil Code section 52.1; and negligent infliction of emotional distress.

13        4.      The Court ORDERS that service on the following defendants shall proceed under

14   the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for

15   civil rights cases from prisoners in the CDCR's custody:

16              a.      Ralph Diaz, former secretary of CDR

17              b.      Estate of Robert S. Tharratt, former Medical Director of CDR

18              c.      Ronald Davis, Warden of SQSP

19              d.      Ronald Broomfield, Acting Warden of SQSP

20              e.      Clarence Cryer, Chief Executive Officer of SQSP

21              f.      Alison Pachynski, Chief Medical Executive of SQSP

22              g.      Shannon Garrigan, Chief Physician and Surgeon of SQSP

23              h.      Louie Escobell, Health Care Chief Executive Officer of CIM

24              i.      Muhammad Farooq, Chief Medical Executive for CIM

25              j.      Kirk Torres, Chief Physician and Surgeon for CIM

26        In accordance with the program, the clerk is directed to serve on the CDCR via email the

27   following documents: the operative complaint (ECF 1), this Order of Service, a CDCR Report of

28   E-Service Waiver form, and a summons.  The clerk also shall serve a copy of this order on the

United States District Court
Northern District of California

1   Plaintiff.

2       No later than 40 days after service of this order via email on the CDCR, the CDCR shall

3   provide the court a completed CDCR Report of E-Service Waiver advising the court which

4   defendant(s) listed in this order will be waiving service of process without the need for service by

5   the USMS and which defendant(s) decline to waive service or could not be reached.  The CDCR

6   also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney

7   General's Office which, within 21 days, shall file with the Court a waiver of service of process for

8   the defendant(s) who are waiving service.

9       Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each

10  defendant who has not waived service according to the CDCR Report of E-Service Waiver a

11  USM-285 Form.  The clerk shall provide to the USMS the completed USM-285 forms and copies

12  of this order, the summons and the operative complaint for service upon each defendant who has

13  not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-

14  Service Waiver.

15      5.     All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

16  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

17  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on

18  behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the

19  cost of such service unless good cause can be shown for their failure to sign and return the waiver

20  form.

21      6.     In order to expedite the resolution of this case, the court orders as follows:

22          a.     No later than 90 days from the date of this order, Defendants shall serve and

23  file a motion for summary judgment or other dispositive motion.  A motion for summary judgment

24  must be supported by adequate factual documentation and must conform in all respects to Federal

25  Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming

26  from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*

27  notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in

28  order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice

7

1   requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served

2   concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust

3   available administrative remedies (where such a motion, rather than a motion for summary

4   judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice.  *Stratton*

5   *v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out

6   in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*,

7   747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to

8   dismiss for failure to exhaust available administrative remedies).

9        If defendants are of the opinion that this case cannot be resolved by summary judgment or

10   other dispositive motion, they shall so inform the court prior to the date their motion is due.  All

11   papers filed with the court shall be served promptly on plaintiff.

12        b.    Plaintiff must serve and file an opposition or statement of non-opposition to

13   the dispositive motion not more than 28 days after the motion is served and filed.

14        c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of

15   the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

16   must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

17   be granted when there is no genuine issue of material fact – that is, if there is no real dispute about

18   any fact that would affect the result of your case, the party who asked for summary judgment is

19   entitled to judgment as a matter of law, which will end your case.  When a party you are suing

20   makes a motion for summary judgment that is properly supported by declarations (or other sworn

21   testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

22   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

23   as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations

24   and documents and show that there is a genuine issue of material fact for trial.  If you do not

25   submit your own evidence in opposition, summary judgment, if appropriate, may be entered

26   against you.  If summary judgment is granted, your case will be dismissed and there will be no

27   trial.  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

28        Plaintiff also is advised that a motion to dismiss for failure to exhaust available

United States District Court
Northern District of California

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton,* 697 F.3d at 1008-09.

 (The *Rand* and *Wyatt/Stratton* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

  d. Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

  e. The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

 7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

 8. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to

United States District Court
Northern District of California

counsel rather than directly to defendants.

9.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10.      Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: April 16, 2024

TRINA L. THOMPSON
United States District Judge